1
2
3
4                         **UNITED STATES DISTRICT COURT**

5                               **DISTRICT OF NEVADA**

6

7  ROBERT LEE WHITESELL, JR.,          )
                                       )
8             Petitioner,              )        2:09-cv-2172-PMP-RJJ
                                       )
9  vs.                                 )        **ORDER**
                                       )
10 BRIAN WILLIAMS, *et al.*,           )
                                       )
11            Respondents.             )
   _____/

12

13         This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254,

14 by a Nevada state prisoner.  Before the Court is respondents' motion to dismiss.  (Docket #15).

15 **I. Procedural History**

16         On April 25, 2002, the Eighth Judicial District Court for the State of Nevada entered a

17 judgment of conviction against petitioner.  (Exhibit 51).[1]  Pursuant to a jury verdict of guilt,

18 petitioner was convicted of Count 1 (burglary), Count 2 (robbery with use of a deadly weapon,

19 victim 65 years of age or older, Count 3 (murder with the use of a deadly weapon, victim 65 years of

20 age or older), and Count 4 (possession of stolen property).  (Exhibit 51).  Petitioner was sentenced to

21 the following: Count I, 22-96 months; Count II, 35-156 months with an equal and consecutive term

22 of 35-156 months for the use of a deadly weapon and victim 65 years of age or older; Count 3, life

23 without the possibility of parole with an equal and consecutive term of life without the possibility of

24

25

26         _____

           [1]  The exhibits referenced in this order are found in the Court's record at Docket #16-20.

1  parole for the use of  a deadly weapon and victim 65 years of age or older; and Count 4, 12 to 48

2  months.  (Exhibit 51).  Counts 1 through 4 were imposed concurrent to one another.  (*Id.*).

3          On May 14, 2002, petitioner filed a notice of appeal from the conviction.  (Exhibit 52).  On

4  February 11, 2004, the Nevada Supreme Court affirmed petitioner's conviction.  (Exhibit 57).

5  Remittitur issued on March 9, 2004.  (Exhibit 60).

6          On December 17, 2004, petitioner filed a *pro per* post-conviction habeas petition in state

7  court.  (Exhibit 62).  On December 6, 2005, a stipulation and order was entered, allowing counsel to

8  file a supplemental petition.  (Exhibit 79).  The supplemental petition was filed on December 23,

9  2005.  (Exhibit 80).  On July 7, 2006, counsel filed a supplement to the supplemental post-

10  conviction petition.  (Exhibit 87).  An evidentiary hearing was held on July 7, 2006.  (Exhibit 88).

11  The evidentiary hearing was continued to August 14, 2006.  (Exhibit 89).  On September 1, 2006,

12  petitioner filed a post-hearing brief on his supplemental petition.  (Exhibit 92).  Supplemental

13  exhibits were filed on September 28, 2006.  (Exhibit 94).  On November 13, 2006, petitioner filed

14  supplemental authority in support of his post-conviction petition.  (Exhibit 95).  On December 28,

15  2006, petitioner filed additional supplemental authority in support of his post-conviction claims.

16  (Exhibit 98).

17          On March 9, 2007, the state district court held a hearing on the habeas petition.  (Exhibit

18  104).  At the hearing, the court vacated petitioner's conviction for possession of stolen property

19  because it was a lesser-included offense to robbery.  (Exhibit 104, at pp. 7-8).  On April 5, 2007, the

20  state district court issued findings of fact, conclusions of law, and order, denying the habeas petition

21  on all other grounds.  (Exhibit 105).  Petitioner filed a notice of appeal on April 10, 2007.  (Exhibit

22  107).  On April 12, 2007, the state district court filed a second findings of fact, conclusions of law,

23  and order.  (Exhibit 108).  An amended notice of appeal was filed on April 20, 2007.  (Exhibit 112).

24          Petitioner filed his opening brief in the Nevada Supreme Court on July 13, 2007.  (Exhibit

25  117).  On November 3, 2009, the Nevada Supreme Court issued its order of affirmance.  (Exhibit

26  133).  Remittitur was issued on December 1, 2009.  (Exhibit 134).

1    This Court received petitioner's *pro se* federal habeas petition on November 12, 2009.

2    (Docket #1).  The petition contains eleven grounds for relief.  (*Id.*).  Respondents have filed the

3    instant motion to dismiss, asserting that Grounds One and Nine are unexhausted.  (Docket #15).

4    **II.  Discussion**

5        **A.  Exhaustion Standard**

6        A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has

7    exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28

8    U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his

9    claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S.

10   838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains

11   unexhausted until the petitioner has given the highest available state court the opportunity to

12   consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,*

13   386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

14       A habeas petitioner must "present the state courts with the same claim he urges upon the

15   federal court."  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications

16   of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.

17   *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To

18   achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims

19   under the United States Constitution" and given the opportunity to correct alleged violations of the

20   prisoner's federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195

21   F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and

22   clear instruction to potential litigants: before you bring any claims to federal court, be sure that you

23   first have taken each one to state court."  *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting

24   *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

25       A claim is not exhausted unless the petitioner has presented to the state court the same

26   operative facts and legal theory upon which his federal habeas claim is based.  *Bland v. California*

3

*Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

**B.  Ground One**

In Ground One of the petition, petitioner claims that his Sixth Amendment right to confrontation was violated because, at the preliminary hearing, he was denied the right to a full and fair cross-examination of a witness; (2) the State did not meet the standard for showing that police informant Stephen Patzig was unavailable; and (3) appellate counsel was ineffective for failing to file a writ of certiorari after the *Crawford* decision was issued.  (Petition, Docket #7).  Respondents argue that petitioner's statement that Patzig should not have been considered an "unavailable witness" is unexhausted.  In his opening brief on appeal regarding his state habeas petition, petitioner presented this claim to the Nevada Supreme Court.  (Exhibit 117).  This Court finds that petitioner fairly presented the substance of Ground One to the Nevada Supreme Court.  Ground One of the federal habeas petition is exhausted and may proceed.

**C.  Ground Nine**

In Ground Nine of the petition, petitioner asserts that trial counsel was ineffective for failing to conduct cross examination of the State's DNA expert.  (Docket #7).  Respondents argue that the federal petition contains reference to "Exhibit 88" and a statement that: "The state witness led the court and jury to believe that all evidence given was against the Defendant."  In his opening brief on appeal regarding his state habeas petition, petitioner presented this claim to the Nevada Supreme Court.  (Exhibit 117).  This Court finds that petitioner fairly presented the substance of Ground Nine to the Nevada Supreme Court.  Ground Nine of the federal habeas petition is exhausted and may proceed.

**III.  Conclusion**

      **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #15) is **DENIED**.

      **IT IS FURTHER ORDERED** that respondents **SHALL FILE AN ANSWER** to the petition within **thirty (30) days** from the entry of this order.  The answer shall include substantive arguments on the merits as to each claim in the petition.  **No further motions to dismiss will be entertained**.  In filing the answer, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

      **IT IS FURTHER ORDERED** that petitioner may file his reply to the answer, if any, no later than **thirty (30) days** after being served with the answer.

DATED:  January 19, 2011.

_____
PHILIP M. PRO
United States District Judge

5